# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ESTHER MOTHERSHEAD, DOROTHY ) <br> PERKINS, and NASHASTA POLLARD, ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> BOARD OF SCHOOL COMMISSIONERS ) <br> OF MOBILE COUNTY, ALABAMA, ) <br> ) <br>     **Defendant.** ) | Civil Action No. 10-0038-KD-C |
| STEPHANIE R. LINDSEY, ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> BOARD OF SCHOOL COMMISSIONERS ) <br> OF MOBILE COUNTY, ALABAMA, ) <br> ) <br>     **Defendant.** ) | Civil Action No. 10-0285-KD-C |

## ORDER

Plaintiffs' claims pursuant to the Equal Pay Act, 29 U.S.C. § 206(d)(1), are now before the Court on the motions for summary judgment filed by defendant Board of School Commissioners of Mobile County, Alabama (the Board) (Docs. 25, 26, Civil Action No. 11-038-KD-C; Docs. 21, 22, Civil Action No. 11-285-KD-C), plaintiffs' response (Docs. 28, 29, 30, Civil Action No. 11-038-KD-C; Docs. 26, 27, 28, Civil Action No. 11-285-KD-C) and the Board's reply (Doc. 31, Civil Action No. 11-038-KD-C; Doc. 29, Civil Action No. 11-285-KD-C). Upon consideration and for the reasons set forth herein, the motion for summary judgment as to plaintiffs' claims under the Equal Pay Act, 29 U.S.C. § 206(d)(1) (EPA) is **GRANTED**.

I.      Findings of fact

At all relevant times, Plaintiffs were employed by the Board as Utility Workers. Their primary duties are to assist school bus inspectors (who are certified bus mechanics) in performing school bus inspections and to drive the school buses as relief or emergency drivers for the regular bus drivers. (Doc. 26-2, Defendant's proposed facts, p. 2; Doc. 28, Plaintiffs' proposed facts, p. 2-3, Civil Action No. 11-038-KD-C).

Jerome Toomer has been indentified by the Plaintiffs as a comparator. (Doc. 28, p. 3). He was formerly employed as a Utility Worker and performed the same work as Plaintiffs. (*Id*. p. 3). On November 26, 2008, Toomer was promoted to Mechanic Apprentice and received a pay increase. (*Id*. p. 3).

The position of Mechanic Apprentice was created by the Board in the fall of 2008 as a step between Utility Worker and Mechanic. (Doc. 26-2, p. 2). The purpose was to train mechanics internally who could meet state certification requirements. (*Id*.). The job duties were similar to those of a Utility Worker in that Mechanic Apprentices would drive in emergency circumstances and they would assist bus inspectors with inspections but they were also required to assist the mechanics with repairs, maintenance, and diagnostics on the buses. (*Id*.) Plaintiffs Mothershead, Perkins and Pollard also applied for the Mechanics Apprentice position but were not selected. (Doc. 26-2, p. 3).

At the time Toomer was promoted to Mechanic Apprentice, one Utility Worker was on extended medical leave. (Doc. 26-2, p. 3). Also, the Board lacked funding to hire additional Utility Workers. (*Id*.). Toomer was asked to continue to assist the bus inspectors and perform relief bus driving. (*Id*.) Toomer continued to drive until the end of the 2009 school year. (*Id*.; Doc. 28, p. 4). He drove only in emergency situations after that time. (Doc. 26-2, p. 4). Toomer

2

also continued to assist with bus inspections until October 2010. (Doc. 28, p. 4). During the time that Toomer drove and assisted the inspectors, Toomer also assisted the mechanics as time allowed. (Doc. 26-2, p. 3-4; Doc. 26-1, p. 53-55, Toomer deposition).

The earliest mechanic service work order completed by Toomer was dated June 21, 2010. (Doc. 28, p. 4). Toomer was assigned to the mechanic shop full time in October 2010. (Doc. 28, p. 4).

Sarah Horton, the Utility Worker who had been on medical leave resumed assisting with bus inspections in March 2010. (Doc. 28, p. 8). The parties do not indicate when Horton resumed driving but do not dispute that she resumed driving when she returned. (Doc. 28, p. 8; Doc. 31, p. 3). In October 2010, another Utility Worker took over Toomer's duties of assisting the bus inspectors. (Doc. 26-2, p. 3-4).

II.  Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (Dec. 2010). The recently amended Rule 56(c) governs Procedures, and provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented

3

>   in a form that would be admissible in evidence.
>
>   *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
>   *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010).

The Board, as the party seeking summary judgment, bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter.  Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-999 (11th Cir. 1992), *cert. den.*, 507 U.S. 911 (1993) (internal citations and quotations omitted).

   III.   The Equal Pay Act

"A plaintiff establishes an EPA prima facie case 'by showing that the employer paid employees of opposite genders different wages for equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Lawver*

*v. Hillcrest Hospice, Inc.*, 300 Fed.Appx. 768, 772 (11th Cir. 2008) quoting *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1077-78 (11th Cir. 2003). "If the plaintiff establishes a prima facie case, the employer must establish, by a preponderance of the evidence, that the difference in pay was due to '(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) any other factor other than sex.'" *Id*. at 772, quoting *Steger* at 1078 (quoting 29 U.S.C. § 206(d)(1)) (alteration omitted).

"If the employer meets its burden, the plaintiff must rebut the defense by establishing, through affirmative evidence, that the employer's justification was pretext or a post-hoc justification." *Id*. "If the employer fails to establish that the pay differential was for a reason other than sex, the plaintiff is entitled to judgment, as the EPA does not require her to prove that the employer acted with discriminatory intent." *Id*. (citation omitted).

The Board argues that Plaintiffs cannot make their prima facie case because there are sufficient differences in job duties to warrant a higher pay rate for Mechanic Apprentice and because Toomer assisted the mechanics: A duty which none of the Plaintiffs performed or were expected to perform. The Board argues that the reason Toomer continued to perform some Utility Worker duties after he was promoted to Mechanic Apprentice was due to circumstances beyond the Board's control. Specifically, there was a shortage of Utility Workers because another Utility Worker was on extended medical leave and the Board was without funds to hire a replacement for Toomer.

Plaintiffs assert that the "critical question is when did Toomer begin performing work different from the work that he and the plaintiffs performed as utility workers". (Doc. 29, p. 3). They argue that there are genuine issues of fact as to the time frame Toomer continued to perform substantially the same work as the Plaintiffs, but for a higher rate of pay. Plaintiffs

5

argue that the Board's affirmative defense is not adequate because "[m]erely articulating a factual matter as a factor other than sex is insufficient" and that the Board "must present 'an explanation of how those factors actually resulted in an individual employee earning more than another.'" (Doc. 29, p. 13).

The question as to when Toomer went full time as a Mechanic Apprentice may be relevant to establishing the prima facie case wherein Plaintiffs must establish that an employee of the opposite gender, received higher wages for "equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Lawver*, 300 Fed Appx. at 772. It may be true that for some unascertained time period, Toomer performed similar work as the Plaintiffs, but assuming for purposes of summary judgment that Plaintiffs could make out a prima face case under the Act, i.e., that Plaintiffs and Toomer performed "equal work", *id*., the Board has demonstrated "how" factors "other than sex" resulted in Toomer's receiving greater pay than the Plaintiffs. *Brock v. Georgia Southwestern College*, 765 F. 2d 1026, 1037 (11th Cir. 1985) (defendants must present "an explanation of how those factors actually resulted in an individual employee earning more than another."); *see Irby v. Bittick*, 44 F.3d 949, 955 (11th Cir. 1995) (finding that factors other than sex include "special exigent circumstances connected with the business."). Specifically, the Board has shown that another Utility Worker was on extended medical leave and that the Board lacked funding to hire additional Utility Workers. Plaintiffs do not dispute these facts.

The facts establish that Toomer applied for and was promoted to Mechanic Assistance and that Plaintiffs also applied for this position but were not selected.[1] However, if a female

---

[1] Plaintiffs do not argue that gender bias played any role in Toomer's selection for the promotion instead of a female applicant.

Utility Worker had been promoted and received a higher rate of pay, there is no evidence to dispute that she too would have been required to fill in as a driver and assist the bus inspectors until the other Utility Worker was able to return to work or until the Board could replace her with a different Utility Worker. The fact that a male was promoted and received a higher pay, but then for undisputed reasons was required to fill in as a driver and assist the bus inspectors until the other Utility Worker was able to return to work or until the Board could replace him with a different Utility Worker does not support an action for Equal Pay. In other words, the Board has shown by a preponderance of the evidence that the "pay differences" are based on factors other than sex and that "the factor of sex provided no basis for the wage differential." *Steger*, 318 F. 3d. at 1078 (citations omitted). Moreover, Plaintiffs have not produced evidence that the Board's "justification was pretext or a post-hoc justification." *Lawver*, 300 Fed.Appx. at 772.

IV. Conclusion

Accordingly, for the reason set forth herein, the Board's motion for summary judgment is **GRANTED**.

**DONE** and **ORDERED** this the 26th day of **October, 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**